# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RAMONICA CALDWELL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO: _____ |
| | § | |
| ELITE PARTNERS, LP, | § | |
| HOME BUDDIES, LLC, and | § | |
| CLIFTON PAPE, | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Ramonica Caldwell brings this Original Complaint to recover unpaid overtime wages from Defendants Elite Partners, LP, Home Buddies, LLC, and Clifton Pape.

### A. Nature of the Action

**Overtime claim under the Fair Labor Standards Act**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a).

2. Defendants violated the FLSA when they failed to pay its employees at one and one half times their regular rate of pay for hours worked in excess of forty hours per week. Accordingly, Caldwell brings this Original Complaint under Section 216(b) of the FLSA to recover unpaid minimum and overtime wages.

## B.  Jurisdiction

3.      Pursuant to 28 U.S.C. Section 1331, this Court has jurisdiction over the subject matter of this action under FLSA Section 16(b), 29 U.S.C. Section 216(b).

4.      Plaintiff's minimum wage and overtime claim arises under the FLSA.  29 U.S.C. §§ 206(a), 207(a) and 216(b).  In connection with the acts and course of conduct alleged in this complaint, Defendants are "employers" covered by the FLSA.  29 U.S.C. § 203(d).

5.      Defendants have availed themselves of the jurisdiction of this Court by working and doing business within this Court's jurisdiction.

6.      Pursuant to 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over Plaintiff's common-law breach of contract claim.

## C.  Venue

7.      Venue is proper in this district because Defendants are residents of this district and a substantial part of the acts and conduct charged herein occurred in this district.  28 U.S.C. § 1391(b).

## D.  The Parties

8.      Plaintiff Ramonica Caldwell is a resident of Houston, Harris County, Texas.  She was an employee of Defendants within the meaning of the FLSA within the relevant time period.  She was a sales employee for Defendants.  Defendants' principal place of business is located in the Southern District of Texas, Houston Division.

9.      Defendants Elite Partners, LP, Home Buddies, LLC, and Clifton Pape jointly employed Caldwell as a sales employee.  Defendants determined the conditions of employment, exercised control over Caldwell, and set her rate of pay. *Hodgson v. Griffin & Brand, Inc.*, 471

F.2d 235, 237-38 (5th Cir. 1973), *cert. denied*, *Griffin & Brand, Inc. v. Brennan*, 414 U.S. 819 (1973).

10.     Elite Partners, LP and Home Buddies, LLC had interrelated operations, centralized control of labor, common management, and common ownership.  Thus, these two companies are joint employers under the FLSA.  *See Itzep v. Target Corp.*, 543 F. Supp. 2d 646, 652-53 (W.D. Tex. 2008); *Colindres v. QuitFlex Mfg.*, 235 F.R.D. 347, 362 (S.D. Tex. 2006); *McLaughlin v. Intrepid Holdings, Inc.*, No. H-08-798, 2009 U.S. Dist. LEXIS 78289, at *12-13 (S.D. Tex. Sept. 2, 2009) (not designated for publication).

11.     Defendant Elite Partners, LP is a Texas limited partnership with its principal place of business at 5909 West Loop South Suite 130, Bellaire, Texas 77401.  It may be served with process by serving its Registered Agent, Clifton Pape, at 2205 Milford Apt. C, Houston, Texas 77098.

12.     Defendant Home Buddies, LLC is a Texas limited liability company with its principal place of business at 5909 West Loop South Suite 130, Bellaire, Texas 77401.  It may be served with process by serving its Registered Agent, Elite Partners, LP, at 5909 West Loop South Suite 130, Bellaire, Texas 77040.

13.     Defendant Clifton Pape acted in the interest of an employer, and had the authority to direct the day-to-day activities of Caldwell.  Thus, he is an employer under the FLSA.  29 U.S.C. § 203(d); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-95 (5th Cir. 1983), *cert. denied*, *Alberding v. Donovan*, 463 U.S. 1207 (1983).  Pape may be served with process at his residential address, 2205 Milford Apt. C, Houston, Texas 77098.

## E.  Facts

**Defendants failed to pay Caldwell her minimum and overtime wages.**

14.     Defendants buy residential properties and sell them to clients.

15.     Caldwell was a full-time, non-exempt employee of Defendants.  She cold-called potential clients and made sales.  She worked for Defendants from September 24, 2010 through June 30, 2011.  Defendants made seven closings on sales made by Caldwell.

16.     In performing her duties, she was required to work more than forty hours per week.  As a non-exempt employee, she was entitled to be paid a minimum wage of $7.25 per hour.  29 U.S.C. § 206(a).  She was also entitled to one and one half times her "regular rate" for all hours worked over forty hours each workweek.  29 U.S.C. § 207(a).  Defendants failed to pay Caldwell her minimum wages, as well as overtime pay for all hours worked in excess of forty hours per workweek.

17.     From September 24, 2010 through February 2011, Defendants agreed to pay Caldwell commissions at 50% of all fees from the sales made by her.  Defendants did not pay her commissions under this agreement.

18.     From February 2011 through June 30, 2011, Defendants promised to pay Caldwell an annual salary of $40,000 plus a commission of $750 per closing.  Defendants did not pay her salary or commissions.

19.     Defendants regularly directed Caldwell's work, and she does not fall within any exemption under the FLSA.

**Defendants' illegal actions were and are willful violations.**

20.     The illegal pattern or practice on the part of Defendants with respect to overtime compensation was in violation of the FLSA.  No exemption excuses Defendants from paying Caldwell her minimum and overtime wages.  Nor have Defendants made a good faith effort to comply with the FLSA.  Rather, Defendants knowingly, willfully and/or with reckless disregard carried out their illegal pattern or practice in failing to pay minimum and overtime wages to Caldwell.

### F.  Case of Action:  Violation of the Fair Labor Standards Act

21.     Caldwell incorporates herein by reference all allegations contained in paragraphs 1 through 20.

22.     Defendants' practice of failing to pay Caldwell minimum and overtime wages was in violation of the FLSA.  29 U.S.C. §§ 206(a), 207(a).  Caldwell is entitled to at least the minimum wage for all hours she worked, and one and a half times her regular rate for all hours worked in excess of forty hours per workweek.

23.     No exemption applies to Caldwell.

### G.  Cause of Action:  Common-law breach of contract

24.     Caldwell incorporates herein by reference all allegations contained in paragraphs 1 through 23.

25.     The Defendants and Caldwell entered into a valid agreement.  Under the terms of the agreement, Caldwell agreed to work for Defendants as a sales employee.  In return, Defendants agreed to pay Caldwell.

26.     Caldwell fulfilled her obligations under the contract.

27.     Defendants breached the contract by failing to pay any wages.

28.     Caldwell has incurred damages as a direct and proximate result of Defendants' breach of contract. She has incurred actual and economic damages in the amount of unpaid wages. She has also incurred inconsequential damages in that she has missed her rent payments and other living expenses.

## H.  Damages

29.     As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a.   Unpaid minimum and overtime wages under the FLSA;

   b.   Liquidated damages in an amount equivalent to unpaid minimum and overtime wages;

   c.   Actual and economic damages;

   d.   Consequential damages;

   e.   All reasonable and necessary attorneys' fees; and

   f.   All reasonable and necessary costs incurred in pursuing this lawsuit.

## I.   Attorneys' Fees & Costs

30.     Plaintiff is entitled to an award of attorneys' fees and costs under 29 U.S.C. Section 216(b) and Texas Civil Practice & Remedies Code Section 38.001.

## J.  Jury Request

31.     Plaintiff requests a jury trial and tenders the appropriate jury fee in connection with the filing of this petition.

## K. Prayer

32.    For these reasons, Plaintiff Ramonica Caldwell respectfully requests this Court to:

a.    Declare that Defendants Elite Partners, LP, Home Buddies, LLC, and Clifton Pape have violated the minimum wage and overtime provisions of the FLSA;

b.    Declare the Defendants' violations of the FLSA to be willful;

c.    Award Plaintiff damages for the amount of unpaid wages subject to proof at trial;

d.    Award Plaintiff an equal amount as liquidated damages as allowed under the FLSA;

e.    Award Plaintiff her actual and economic damages;

f.    Award Plaintiff her consequential damages;

g.    Award Plaintiff reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA and Texas Civil Practice & Remedies Code Section 38.001; and

h.    Award any other relief to which Plaintiff is entitled under law or equity.

Respectfully submitted,

_/s/ Charles Sturm_
CHARLES STURM
Texas Bar No. 24003020
Federal Bar No.21777
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
csturm@steelesturm.com

ATTORNEY IN CHARGE FOR
PLAINTIFF RAMONICA CALDWELL

OF COUNSEL:
STEELE STURM, PLLC
VICTOR ANG
Texas Bar No. 24059382
Federal Bar No. 962896
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]